# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV13-01820 JAK | Date | April 1, 2014 |
| Title | In re Riordan J. Zavala<br>Riordan J. Zavala v. Carol Remsen | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING ACTION   JS-6

On November 20, 2013, Riordan Zavala ("Appellant") filed a Notice of Appeal of a decision of the United States Bankruptcy Court. Dkt. 2. The Court established a briefing schedule, pursuant to which Appellant's opening brief was to be filed by January 21, 2014. Dkt. 8. On January 12, 2014, Appellant sought an extension of time to file his opening brief, on the grounds that he was providing care for his ailing mother, and had prior work-related commitments he could not complete if the schedule were not extended. Dkt. 11, at 2. The Court granted Appellant's request for an extension, and ordered that his opening brief be filed on or before March 3, 2014. Dkt. 12. Appellant did not timely file an opening brief. Instead, on Saturday, March 1, 2014, Appellant filed an "Application/Motion to Vacate Briefing Schedule and Trail Appeal Pending Remittitur from Court of Appeal." Dkt. 13. On March 11, 2014, the Court denied the Application/Motion, and directed Appellant to file a proposed opening brief on or before March 19, 2014, together with an application for leave to file it after it was due. Dkt. 17.

Appellant did not timely file a proposed opening brief or an application for leave. Instead, on March 17, 2014, Appellant filed a Motion to Disqualify. Dkt. 18. That motion was denied by Judge O'Connell on March 21, 2014. Dkt. 21. On March 26, 2014, the Court directed Appellant to file a proposed opening brief on or before March 31, 2014, together with an application for leave to file it after it was due. Dkt. 22. On March 27, 2014, Appellant filed a declaration and a brief. Dkt. 23.

In his declaration, Appellant states that the Court "no longer had/has jurisdiction in this matter, by virtue of the appeal taken to the 9th Circuit . . . of the related case . . . [and] in the interest of judicial economy . . . the reasonable request made to vacate the present briefing schedule . . . was justified." *Id.* at 2 n.1. Thus, Appellant restates the arguments that he previously advanced in the Motion to Vacate as a justification for his failure timely to file a proposed opening brief following the denial of that motion. Dkt. 13.

The purpose of the brief filed by Appellant on March 27, 2014 is unclear. Pursuant to the Court's Order (Dkt. 22), Appellant was to file a proposed opening brief, and an application for leave to file the opening brief after it was due. However, the brief does not address either Appellant's failure timely to file an opening brief, or the statement of decision by the Bankruptcy Court that is the subject of this appeal. Instead, the brief argues that "the district court violated appellant's right to procedural due process inasmuch as that right included appellant's justifiable reliance on the notion that that reviewing district

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SA CV13-01820 JAK | Date | April 1, 2014 |
|---|---|---|---|
| Title | In re Riordan J. Zavala <br> Riordan J. Zavala v. Carol Remsen | | |

court would enforce the mandatory appellate, district, and bankruptcy court rules, as well as it [sic] own order striking appellee's brief, to the detriment of appellee, as and when violated, to the benefit of appellant." Dkt. 23, at 4. Thus, the brief disputes the Court's prior Order in the related case involving the same parties. No. 10-CV-01810, Dkt. 53. However, that Order is not the subject of this appeal.

"An appellant's failure to take any step other than timely filing a notice of appeal . . . is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr.P. 8001(a); *In re Hunter*, 402 Fed. Appx. 228 (9th Cir. 2010). Appellant has failed to file an opening brief, despite being given several extensions to do so, and despite a warning that failure to file an opening brief would result in the dismissal of the appeal. Appellant has also failed to file an application and declaration that provide an adequate justification for his failure timely to file an opening brief. Instead, Appellant has expressly communicated his unwillingness to comply with the Court's orders, stating, "this declarant has zero tolerance for 'compliance' with Kronstadt's willy-nilly, arbitrary, capricious, and whimsical, proposed application of procedural due process . . ." Dkt. 23, at 3.[1] Appellant is self-represented; accordingly, there is no basis to find that "the conduct giving rise to the dismissal was caused entirely by the party's attorney." *Grego v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988). For these reasons, the appeal is DISMISSED.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
|  | Initials of Preparer | Ak |

---

[1] Appellant's declaration contains several other inappropriate comments concerning prior rulings in this matter. Dkt 23, ¶¶ 1, 4, 5. The Civility and Professionalism Guidelines for attorneys practicing law in the Central District of California provide that, among a lawyer's duties to the Court are the duties to "speak and write civilly and respectfully in all communications with the court." *See Civility and Professionalism Guidelines*, United States District Court, Central District of California. Available at: http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines. Similarly, Model Rule of Professional Conduct 3.5(c) provides that "[a] lawyer shall not . . . engage in conduct intended to disrupt a tribunal." That rule extends to the filing of documents with the court that contain disrespectful remarks. *See United States v. Engstrom*, 16 F.3d 1006, 1012 (9th Cir. 1994).